## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

AMERICAN SAFETY INDEMNITY CO.       *
                                                  *
                                                  *

          v.                               *       Civil No. – JFM-15-3126
                                                  *

SHORE WAY, INC., ET AL.           *
                                            ******

### MEMORANDUM

American Safety Indemnity Company instituted this action against Shore Way, Inc., T/A Domino's Pizza, and Les Buzz, T/A Domino's Pizza seeking reimbursement from defendants of all amounts paid by American Safety to defend and settle an action instituted against defendants in the Circuit Court for Queen Anne's County, Maryland. Both sides have moved for summary judgment. American Safety's motion will be granted, and defendants' motion will be denied.

I.

American Standard issued an automobile insurance policy to defendants. A delivery driver named Annmarie McLemore was involved in an accident on May 10, 2013 with Michael Thomas Vodak. On December 11, 2014, Vodak brought suit against defendants in the Circuit Court for Queen Anne's County, Maryland. American Standard accepted the defense of its insured in the *Vodak* action under a reservation of rights.

The policy issued by American Standard to defendants contained an endorsement that expressly provided that "This Endorsement Changes the Policy. Please read it carefully." It provided as follows:

> Named Insured is a Franchise of Domino's Pizza and agrees to
> comply with all driver eligibility criteria required by the Franchisor.
> A copy of the Franchisor's standards must be on file with the

1

> Company. Failure to comply with the Franchisor's guidelines may
> void coverage under this policy.
>
> I have read this SPECIAL RESTRICTION OF COVERAGE in its
> entirety and agree on behalf of all insured to comply with all of its
> terms and conditions.

The endorsement is signed by Andy Kent as an insured or officer of insured entity.

Domino's drivers' standards (which is attached to the policy) provided that "To be employed as a Team Member who is authorized to drive by Domino's Pizza, the applicant or Team Member's MVR [motor vehicle record] must meet the following criteria: . . . No more than two (2) violations in the past two (2) years (e.g., speeding, failure to yield, fail to obey traffic signal/device, fail to stop, improper turn, improper lane change, careless driving, follow too close, operator not restrained by safety belt).

During her deposition held in July 2015, American Standard learned that McLemore admitted to having committed to three violations within the two-year period immediately prior to her accident with Vodak: failure to yield right of way, on January 12, 2012, speeding, on February 19, 2012, and using hand-held cell while driving, on May 9, 2013.[1]

On January 15, 2016, the *Vodak* was settled for $385,000. American Standard paid that sum to Vodak. The settlement agreement referenced this litigation that had been filed on October 14, 2015.[2] Shore Way, Inc. and Les Buzz, LLC, were parties to the settlement agreement.

---

[1] McLemore also admitted that she was involved in accidents on February 17, 2010, January 22, 2010, and January 27, 2010. She admitted that at least one of these accidents was an "at fault" accident. These admissions also made her non-compliant with another provision of the Franchisor's standards.

[2] On October 22, 2015, American Safety issued a second reservation of rights letter specifically referencing McLemore's prior actions and convictions.

2

II.

Under Maryland law, which indisputably is applicable to this action, insurance policies are interpreted in the same manner as contracts generally. *See Sullins v. Allstate Ins. Co*, 667 A.2d 617, 619 (Md. 1995); *National Cas. Co. v. Lockheed Martin Corp.*, 415 F. Supp. 2d 596, 601 (D. Md. 2006). Maryland adheres to the principle that where the language reported in a contract is unambiguous, a court shall give effect to its plain meaning. *See Auction & Estate Representatives, Inc. v. Ashton*, 731 A.2d 441, 444-45 (Md. 1999).[3]

Defendants assert that the insurance policy is ambiguous because it uses successively, in the endorsement in question, the terms "driver eligibility criteria," "Franchisor's standards," and "Franchisor's guidelines." However, the endorsement makes clear that these three phrases mean the same thing.

Defendants also claim that plaintiff may not recover under the doctrine of unjust enrichment. There are three elements to a claim of unjust enrichment: "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation and knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 113 (Md. 2000). Here, because there was no coverage under the policy, plaintiff is entitled to bring an action for equitable subrogation "to prevent unjust enrichment." *Hill v. Crosscountry Settlements, LLC*, 936 A.2d 343, 353 (Md. 2007).

---

[3] This is not a case in which the insurer failed to pay an injured third party under the insurance policy. Rather, it is a contest between the alleged insurer and the alleged insured. Thus, no question of public policy is raised.

Finally, defendants contend that the reservation of rights letter was untimely. That contention fails if for no other reason other than the fact that when American Standard first undertook the representation of defendants, it did so under a reservation of rights.

A separate order granting American Standard's motion and denying the defendants' motion is being entered herewith.

Date: _Aug 23, 2016_

_____
J. Frederick Motz
United States District Judge

4